JUDGE RAKOFF

08 CV 03486



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
NOBLE RESOURCES PTE LIMITED,   :
f/k/a NOBLE GRAIN PTE. LTD.,      :
      :
     Plaintiff,     :
      :
  - against -      :
      :
CHINA SEA GRAINS & OILS     :
INDUSTRY CO. LTD.,       :
      :
     Defendant.    :
-------------------------------------------------X

08 CV
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, NOBLE RESOURCES PTE LIMITED, formerly known as NOBLE GRAIN

PTE. LTD. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its

Verified Complaint against the Defendant, CHINA SEA GRAINS & OILS INDUSTRY CO.

LTD., ("Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating by virtue of foreign law with an office and place of business in

Singapore.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with an office and

place of business in China.

4.    On April 8, 2004, the parties entered into a contract for purchase, sale and

delivery of a cargo of soybeans.

5.     The contract required that the Plaintiff ship the cargo aboard a Vessel for delivery to the Defendant.

6.     The cargo was transported on the M/V EASTERN QUEEN (the "Vessel").

7.     The contract required the Plaintiff to advise the Defendant "on regular intervals" of the Vessel's intended ETA at the load port.

8.     The contract indicated that the purchase price of the cargo would be determined upon completion of the cargo being loaded aboard the Vessel.

9.     The contract stipulated the expected discharge rate of the cargo at the discharge port and outlined the terms and conditions required for tendering the notice of readiness of the Vessel.

10.    The contract stipulated the terms and conditions for the calculation and running of laytime and time excluded therefrom.

11.    The contract stipulated the demurrage and dispatch rates to be calculated in the event that such charges became due and owing to either party.

12.    The contract identified the vessel particulars required in order for the vessel to load and carry the cargo for the buyer.

13.    During the course of the performance of the contract, disputes arose between the parties regarding Defendant's failure to perform under the contract which resulted in extra Vessel charges incurred by the Plaintiff which were the responsibility of the Defendant.

14.    Due to Defendant's breach of the contract, Plaintiff incurred damages including, loss of hire and additional bunker expenses that were the responsibility of the Defendant.

15.    Pursuant to the contract, all disputes arising thereunder were to be submitted to arbitration in Hong Kong if instituted by the Plaintiff and arbitration in Europe if instituted by the Defendant.

16.    The Plaintiff commenced arbitration proceedings in Hong Kong, and an Award was issued on August 25, 2006 in Plaintiff's favor and against the Defendant in the principal amount of $1,490,989.19. This award was for outstanding hire and extra fuel oil expense incurred by the Plaintiff.

17.    The arbitration award also provided for interest to be paid to the Plaintiff on the principal amount of the claim, at the rate of 4.5%, from June 19, 2004 until the award is paid.

18.    The arbitration award also provided for the Defendant to pay 25% of the legal costs of the Plaintiff as well as 40% of the Arbitrators' costs and administrative fees incurred in the arbitration proceedings.

19.    Despite due demand by Plaintiff, Defendant has failed to pay any amount due and owing under the arbitration award.

20.    Plaintiff now seeks security to enforce the amount of the Award as determined in the arbitration. The damages sought are as follows:

| | | |
|---|---|---|
| A. | Principal award: | $1,490,989.19 |
| B. | Interest on principal award:<br>From June 19, 2004 at 4.5% per annum | $275,108.27 |
| C. | 25% of Legal Costs Incurred in Arbitration<br>(1,190,620.66 HKD as of Aug. 25, 2006) | $153,100.00 |
| **Total** | | **$1,919,197.46** |

21.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

22.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$1,919,197.46** calculated to date to secure the

Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and

pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

D.      That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated: New York, New York            The Plaintiff,
       April 10, 2008                NOBLE RESOURCES PTE. LTD.
                                     f/k/a NOBLE GRAIN PTE LTD.,


                                     By: _____
                                         Claurisse Campanale Orozco (CC3581)
                                         Thomas L. Tisdale (TT 5263)
                                         TISDALE LAW OFFICES LLC
                                         11 West 42nd Street
                                         Suite 900
                                         New York, NY 10036
                                         (212) 354-0025 – phone
                                         (212) 869-0067 – fax
                                         corozco@tisdale-law.com
                                         ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut    )
                        )    ss.:    Town of Southport
County of Fairfield     )

1.  My name is Claurisse Campanale Orozco.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      Southport, Connecticut
            April 10, 2008

                                _____
                                Claurisse Campanale Orozco